UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVAYA INC., | Civil Action No. 10-5881 (FLW) |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| CISCO SYSTEMS, INC., et al., | |
| Defendants. | |

This matter having been opened to the Court upon Motion to Compel, for Protective Order and for Monetary Sanctions [Docket Entry No. 55] by Plaintiff Avaya ("Plaintiff" or "Avaya") and Motion for Protective Order [Docket Entry No. 58] by Defendants Cisco and Mark Cahna ("Defendant" or "Cisco"). Avaya seeks to compel Cisco to produce documents, answer interrogatories and produce deponents in response to discovery requests related to Avaya's unfair competition and trade secret misappropriation claims. Avaya also moves for a protective order relieving it of its duty to engage in discovery to the extent that Cisco continues to respond to similar discovery requests. Avaya further seeks monetary sanctions against Cisco for their failure to participate in discovery. Cisco seeks a protective order to shield its confidential material from Avaya's motion to compel.

**I. Background and Procedural History**

Avaya filed its Complaint against Cisco following its Vice President's, Mark Cahna, resignation from his position with Avaya to take a position with Cisco. Avaya alleged, among other things, misappropriation of trade secrets and unfair competition. The parties have engaged in discovery and a dispute has arisen as to the extent of the discovery to which Avaya is entitled. As a result, Avaya filed its motion to compel discovery and Cisco filed its motion to protect its

confidential business information.

Avaya asserts that Cisco "has broadly refused to participate in discovery" and in its motion Avaya outlines the discovery it seeks. Avaya contends that it is entitled to this discovery and it relies, in part, on the holdings in *Oswell v. Morgan Stanley Dean Witter & Co.* and *Osteotech Inc. V. Biologic, LLC* in support of its position. No. 06-5814 (JBS), 2007 WL 1756027 (D.N.J. June 18, 2007) and No. 07-1296 (JAP), 2008 WL 686318 (D.N.J. March 7, 2008). Avaya argues that the information it seeks is relevant to the case and is therefore discoverable. Avaya states that it has met the standard for alleging a *prima facie* case of trade secret misappropriation; thus, it is Avaya's position that nothing further is required and it is entitled to discovery.

Cisco asserts that "settled law recognizes that there is considerable opportunity for mischief and palpable danger that one competitor will file a lawsuit against the other with an ulterior motive to harass and/or to secure access to the competitor's trade secrets through discovery." Cisco believes that is happening in the instant case. Cisco complains that Avaya is seeking access into nearly every aspect of its business and it is Cisco's position that Avaya is abusing the discovery process to gain a competitive advantage. Cisco compares Avaya's discovery requests to a "fishing expedition." Cisco contends that Avaya must first identify the trade secrets it claims were actually misappropriated before it can gain access to Cisco's confidential business information. Cisco relies on statements made by the District Court during conference held on March 9, 2011 requiring that plaintiff is identify with specificity the trade secrets it alleges were misappropriated before obtaining any discovery related to such claim. Indeed, on that date, the District Court required Avaya to identify, with specificity, the trade secrets which it alleges were actually misappropriated.

Cisco asserts that the law requires more than just the filing of a complaint before a plaintiff may have access to its adversary's business information. Specifically, Cisco contends that Avaya must identify the misappropriated trade secrets with "reasonable particularity" and that Avaya must provide a "substantial factual basis for its claim" prior to being entitled to the broad discovery it seeks. *See Microwave Research Corporation v. Sanders Associates, Inc.* 110 F.R.D. 669 (D. Mass. 1986). Cisco relies on the holdings of a variety of cases in other jurisdictions in support of this position.

Cisco clarifies that it is not attempting to preclude Avaya from obtaining discovery which is relevant and which is non-privileged confidential information. Cisco notes that it has participated in discovery to an extent. Indeed, Cisco has provided significant information regarding Mark Cahna. Cisco states that, "if Avaya can identify with reasonable particularity the trade secrets it believes were misappropriated" and if Avaya can "provide a substantial factual basis for its claims", then Cisco will produce the information. In the absence of that showing, Cisco believes that it should not be forced to disclose confidential information to its competitor.

## II. Analysis

As Plaintiff points out, it is established in the District of New Jersey that "there is no heightened pleading standard for a misappropriation claim, and Plaintiff is entitled to seek discovery to support its allegations setting forth a *prima facie* claim." *Osteotech v. Biologic* at 5. Thus, Avaya will not be required to show that Cisco misappropriated trade secrets with "reasonable particularity"; nor will it be required to provide a "substantial factual basis for its claim" (beyond what is required set forth a *prima facie* claim) before being entitled to discovery. However, Avaya will not be granted unfettered and unwarranted access into a competitor's confidential material.

Avaya repeatedly asserts that it is not required to identify trade secrets as a precondition to conducting discovery. However, Avaya's interpretation of the law is flawed. In order to maintain a *prima facie* claim for misappropriation under New Jersey law, a plaintiff must establish six elements; the first of which is that a trade secret exists. Thus, identification of a trade secret is paramount to setting forth a claim and is certainly a necessary precondition to conducting discovery.

As both parties note, the District Court required Avaya to produce a list of the trade secrets which it asserts were actually misappropriated by Cisco; a direction which is consistent with case law in this jurisdiction. In response, Avaya submitted a document titled "Identification of Trade Secrets" ("Identification List") [Docket Entry No. 68], thus Avaya argues that it has already identified the trade secrets at issue. This list is 31 pages in length and sets forth over 200 alleged trade secrets without any indication as to why or if these items are actually trade secrets. Indeed, Cisco calls some of these alleged trade secrets into question by asserting that certain items which are mentioned on the Identification List appear on Avaya's website or blog and are available to the public.

Furthermore, the fifth element of a claim for misappropriation under New Jersey law requires that a plaintiff establish that the secret information was used by the competitor to the detriment of the plaintiff. Indeed, in the very case which Plaintiff relies on, *Osteotech v. Biologic*, the Court noted that "Plaintiff sets forth factual allegations supporting an indication that Defendants **did actually use** misappropriated trade secrets." *Id.* At 4 (emphasis added).[1] Thus, in addition to

---

[1] In *Osteotech*, defendants moved under Federal Rule of Civil Procedure 12(c) for a judgment on the pleadings only as to the misappropriation of trade secrets claim. The Court addressed the sufficiency of plaintiff's pleadings and only tangentially addressed the issue of discovery.

identifying the trade secrets at issue, a plaintiff must provide facts which support its allegation that a defendant *actually used* those misappropriated trade secrets. The Court in *Osteotech* established that a plaintiff can do so without making specific allegations as to exactly how a defendant used or disclosed the trade secrets. Accordingly, Plaintiff in this case is not required to make specific allegations as to exactly how defendants used or disclosed the trade secrets before engaging in discovery. Rather, Avaya must, as they did in the Complaint, identify the trade secret and assert facts which support its allegation that Cisco used the misappropriated trade secret. However, the factual allegations in Avaya's Complaint do not support an indication that Cisco **did actually use all 203 trade secrets** named in Avaya's Identification List. The trade secrets which Avaya alleges were misappropriated in its Identification List are simply too extensive in number and too varied in substance to be supported by Avaya's allegations of misappropriation. Simply naming the trade secrets it possesses (some of which are challenged by Cisco) is insufficient to allow intrusive discovery into Cisco's affairs without first establishing some connection that Cisco actually has misappropriated them.

    The Court understands both parties' plight. Avaya seeks to gain information which will assist it in its claim against Cisco and it is difficult to ascertain precisely what confidential information Cisco may have obtained and/or used without first conducting discovery. Cisco seeks to protect its confidential business information and to keep its competitor from gaining unwarranted insight and an unfair business advantage. However, due to the sensitive nature of the material at issue and the potential for abuse of discovery in this particular area of law, Courts must, and do, tread cautiously.

    A plaintiff in a misappropriation claim "is entitled to seek discovery to support its allegations

setting forth a *prima facie* claim." *Id* at 5.  Therefore, Avaya is entitled to discovery without getting into specifics regarding its allegations.  However, Avaya may not take advantage of the situation through overly broad and burdensome discovery requests.  The information sought must support its allegations that Cisco did actually use certain trade secrets to Avaya's disadvantage.  To the extent that Avaya seeks discovery responses related to its claim of unfair competition by "strategically raiding Avaya's employees," the information sought must be reasonably tailored to support those allegations in the Complaint[2].

In this case, the extent of the discovery which Avaya requests from Cisco far overreaches the information to which they are entitled and far exceeds what is reasonable.  The sheer volume and variety of the discovery requests are enough to liken Avaya's tactic to a fishing expedition.  These requests must be narrowed and tailored to seek only information which is relevant to the case at hand and which further supports Avaya's *prima facie* claims of misappropriation of trade secrets and unfair competition.

### III. Conclusion

For the reasons set forth above; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 17th day of October, 2011,

ORDERED that Plaintiff's motion to compel, for protective order and for monetary sanctions is DENIED WITHOUT PREJUDICE.

---

[2] By way of example, a request for everyone Cisco has hired since 2009 in all of North America is not reasonably related to Avaya's claim of unfair competition despite Avaya's attempt at explanation in their brief.

6

ORDERED that Plaintiff is to propound its revised discovery requests no later than November 14, 2011 in compliance with this Order.

ORDERED that Defendant's motion for protective order is DENIED AS MOOT.

ORDERED that the Clerk of the Court terminate these motions [Docket Entry Nos. 55 and 58] accordingly.

s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**